CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

March 13, 2026

LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LISA D. SPANGLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Nos. 7:24-cv-835** |
| | ) | **7:25-cv-857** |
| **v.** | ) | |
| | ) | |
| **U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION**, as trustee on behalf of the holders of the Bear Stearns Asset Backed Securities Trust 2005-2, Asset Backed Securities Certificate Series 2005-2, et al., | ) ) ) ) ) ) ) ) ) ) | **By:    Michael F. Urbanski
Senior United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Lisa D. Spangler, proceeding pro se, filed this action in state court against Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank Trust Company, National Association, As Trustee, As Successor-in-Interest to U.S. Bank National Association ("U.S. Bank"), and Rosenberg & Associates ("Rosenberg"). This case is one in a string of cases filed by Spangler related to the loan on her house located at 892 Barrens Village Lane, Roanoke, Virginia 24019, her mortgage on the home, the associated Loan, Note, Deed of Trust, and these parties (or their predecessors).[1]

---

[1] Since filing the amended complaint in No. 7:24-cv-835, Spangler filed a separate suit that that was subsequently removed to this court and consolidated with this matter. ECF No. 51. As such, the clerk is **DIRECTED** to docket the memorandum opinion in this case and in the consolidated case, No. 7:25-cv-857. The lead case in this matter is 7:24-cv-835. Docket references in this memorandum opinion refer to 7:24-cv-835, unless otherwise specified.

This matter is before the court on a series of motions, including: the second motion to dismiss for failure to state a claim, ECF No. 25, filed by defendant Rosenberg, the second report and recommendation submitted by the magistrate judge, ECF No. 39, the motion for voluntary dismissal without prejudice, filed by the plaintiff, ECF No. 42, and the motion for judgment on the pleadings, ECF No. 43, filed by defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank Trust Company, National Association, As Trustee, As Successor-in-Interest to U.S. Bank National Association ("U.S. Bank").

For the reasons stated below, the court **ADOPTS IN PART** the report and recommendation of the magistrate judge, ECF No. 39, **GRANTS** the motion to dismiss with respect to Rosenberg & Associates and dismisses those claims with prejudice, ECF No. 25, **DENIES** the motion to voluntarily dismiss, ECF No. 42, **GRANTS** the motion for judgment on the pleadings, ECF No. 43, and **DISMISSES** Plaintiff's pending complaints with prejudice.

## I.     Background

The court incorporates its discussion of the history of this case from its prior order, ECF No. 22. In that order, the court adopted the first report and recommendation of the magistrate judge, ECF No. 15, granted in part and denied in part of the motion for judgment on the pleadings filed by defendants SPS and U.S. Bank, ECF No. 6, and granted the first motion to dismiss filed by defendant Rosenberg, ECF No. 10. The court dismissed some of plaintiff's claims with prejudice and others without prejudice, and gave plaintiff fourteen days to file an amended complaint. See id.

Since that order, plaintiff filed an amended complaint against Rosenberg, SPS, and U.S. Bank. See Am. Compl., ECF No. 23. In her amended complaint, filed on July 22, 2025,

plaintiff brought four claims: Count One: violation of the Fair Debt Collections Practices Act ("FDCPA") against U.S. Bank and Rosenberg; Count Two: breach of contract against all defendants; Count Three: violation of the Real Estate Settlement Procedures Act ("RESPA") against Rosenberg; and Count Four: violation of the Federal Truth in Lending Act ("TILA") and Regulation Z against Rosenberg. See id.

On July 29, 2025, plaintiff moved for entry of a preliminary injunction to stay the foreclosure sale of her home, then scheduled for September 4, 2025. See ECF No. 24. As grounds for entry of a preliminary injunction, plaintiff alleged that "[t]he foreclosure is based on disputed, potentially void assignments of the deed of trust, including one executed by an unauthorized agent on behalf of a securitized trust that ceased operations in 2006." Id. ¶ 4. Plaintiff further alleged that "the foreclosure is the culmination of harassing and deceptive conduct in violation of the FDCPA and other federal consumer protection statutes," and without a preliminary injunction, plaintiff would suffer irreparable harm through the loss of her home. Id. ¶¶ 5-6. On August 8, 2025, plaintiff filed an urgent request for ruling or hearing regarding her motion for a temporary restraining order / preliminary injunction. See ECF No. 32. As grounds for her urgent request, plaintiff cited the impending foreclosure sale of her home, and the lack of response by defendants to her motion. See id. On August 12, 2025, defendants SPS and U.S. Bank opposed plaintiff's motion for a preliminary injunction. ECF No. 34. Plaintiff then replied in support of her motion for preliminary injunction on August 13, 2025. ECF No. 35.

Alongside the preliminary injunction briefing, defendants U.S. Bank and SPS answered the amended complaint. See ECF No. 31. Defendant Rosenberg, however, moved to dismiss

the amended complaint, arguing that the amended complaint "does not include any allegations of wrongdoing against Rosenberg" and thus it must be dismissed with prejudice as to Rosenberg. See ECF No. 25. Plaintiff opposed Rosenberg's second motion to dismiss. See ECF Nos. 29-30. Rosenberg replied in support of its second motion to dismiss on August 19, 2025. ECF No. 36.

On August 21, 2025, the magistrate judge entered an order requiring defendants to advise the court whether defendants would object to a temporary stay of the scheduled foreclosure sale while the court adjudicated plaintiff's motion for preliminary injunction. ECF No. 37. Defendants responded on August 23, 2025, advising that they were amenable to a temporary stay and would reschedule the foreclosure sale to a date not before November 3, 2025. ECF No. 38.

On October 1, 2025, the magistrate judge filed a second report and recommendation, recommending that defendant Rosenberg's second motion to dismiss, ECF No. 25, be granted with prejudice, and that plaintiff's motion for preliminary injunction, ECF No. 24, be denied. ECF No. 39.

On October 14, 2025, plaintiff filed objections to the magistrate judge's second report and recommendation. ECF No. 40. Plaintiff objects to the magistrate judge's recommendations. Plaintiff stated that the foreclosure sale of her property was rescheduled to December 4, 2025. Id. at 2. Defendants SPS and U.S. Bank filed a response to that objection on October 28, 2025, arguing that plaintiff's objections with respect to the TRO raise issues that were already presented to the court in her reply brief. ECF No. 41 at 7-8 (citing ECF Nos. 35 (reply brief) and 40 (objections)).

On November 3, 2025, plaintiff filed a motion for voluntary dismissal of her claim without prejudice, asserting that she "no longer wishes to pursue this action in this Court" and that "[d]ismissal will not prejudice Defendants." ECF No. 42. Defendants SPS and U.S. Bank opposed this motion, seeking dismissal with prejudice. ECF No. 44. Plaintiff replied on November 14, 2025, ECF No. 45. Separately, defendants SPS and U.S. Bank moved for judgment on the pleadings as to plaintiff's amended complaint. ECF No. 43. They provided Roseboro notice of this dispositive motion to plaintiff. ECF No. 43-4. Plaintiff has not responded to this motion. Defendants have provided further briefing on the motion. ECF No. 49.

Plaintiff then filed suit in the Circuit Court for Roanoke County, Virginia against all defendants, asserting a breach of contract and RESPA claim against the same defendants, and seeking injunctive relief enjoining the defendants from selling the property. ECF No. 46. That case was removed to federal court on November 24, 2025, and is now pending before this court. See Spangler v. U.S. Trust National Association, et al., No. 7:25-cv-857 (W.D. Va.). Defendants moved to consolidate that case with the instant case on December 2, 2025. ECF No. 47. Plaintiff did not respond to that motion. This court granted the motion to consolidate on March 9, 2026. ECF No. 51.

In the motion to consolidate, ECF No. 47, the court received a suggestion of bankruptcy as to plaintiff. See Order, ECF No. 48, at 1. Plaintiff had filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code. See In Re: Lisa D. Spangler, No. 25-71131 (Bankr. W.D. Va.); ECF No. 47, at 5. Under 11 U.S.C. § 362(a), that petition operates as an automatic stay of the foreclosure sale. This court denied as moot plaintiff's

motion for a preliminary injunction on January 15, 2026. ECF No. 48.[2] It appears that the bankruptcy case was dismissed by the bankruptcy court on February 2, 2026. In Re: Lisa D. Spangler, No. 25-71131 (Bankr. W.D. Va.) at ECF No. 35.

## II.    Discussion

Several motions are pending before this court. The court will take each in turn, chronologically. First, the court will address (A) the second motion to dismiss filed by Rosenberg & Associates, ECF No. 25, the magistrate judge's report and recommendation on that second motion to dismiss, ECF No. 39, and plaintiff's objections to the report and recommendation, ECF No. 40. Second, the court will evaluate (B) Plaintiff's motion for voluntary dismissal without prejudice, ECF No. 42. Third, the court will evaluate (C) the motion for judgment on the pleadings filed by defendants SPS and US Bank.

### A.  Report and Recommendation on the Second Motion to Dismiss

Plaintiff has objected to the magistrate judge's recommendations as to both the second motion to dismiss and the motion for temporary restraining order. ECF No. 40. The court has already dismissed plaintiff's motion for a temporary restraining order as moot because of plaintiff's bankruptcy filings. ECF No. 48. The court therefore **DENIES AS MOOT** the magistrate judge's recommendation as to plaintiff's motion for a temporary restraining order.

---

[2] "The filing of a petition to begin a bankruptcy case under Chapters 7, 11, or 13 'operates as a stay' of certain actions" under 11 U.S.C. § 362(a). See In re Smith, 910 F.3d 576, 580 (1st Cir. 2018). While plaintiff's petition for bankruptcy automatically stayed the foreclosure against her home under 11 U.S.C. § 362(a), that stay does not apply to the claims at issue in this case. 11 U.S.C. § 362(a) automatically stays proceedings brought "against the debtor." In the instant consolidated cases, the debtor from the pending bankruptcy pleading is the Plaintiff, not the defendant. The case is not being brought "against" her, nor is it brought against the subject property. Thus, 11 U.S.C. § 362(a) does not stay the entirety of the instant consolidated cases. In any event, the stay is lifted by the dismissal of the bankruptcy petition.

This court's analysis is thereby limited to discussion of the magistrate judge's recommendations as to Rosenberg's second motion to dismiss for failure to state a claim. The magistrate judge recommends that the court grant defendant Rosenberg's second motion to dismiss the amended complaint on the grounds that plaintiff's complaint does not state a plausible claim for relief against defendant Rosenberg. Plaintiff objects to the magistrate judge's recommendation. The court has reviewed the amended complaint, the briefing from the parties, the magistrate judge's report and recommendations, the plaintiff's objections, and the parties' subsequent briefing. For the reasons stated below, the court agrees with the magistrate judge.

## 1. Legal Standard

### a.  Objections to a Magistrate Judge's Report and Recommendation

Any party may "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen (14) days of being served with a copy of the report, per Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1). The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

The district court must determine <u>de novo</u> any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "By definition, <u>de novo</u> review entails consideration of an issue as if it had not been decided previously." <u>United States v. George</u>, 971 F.2d 1113, 1118 (4th Cir. 1992), <u>as amended</u> (Aug. 12, 1992).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" <u>de novo</u> review is not required. <u>Diprospero v. Colvin</u>, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting <u>Howard Yellow Cabs, Inc. v. United States</u>, 987 F. Supp. 469, 474 (W.D.N.C. 1997), and <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review <u>de novo</u> only those portions of the report to which specific objections have been made." <u>Roach v. Gates</u>, 417 F. App'x 313, 314 (4th Cir. 2011) (per curiam). <u>See also Midgette</u>, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '<u>those portions</u> of the report or <u>specified</u> proposed findings or recommendations <u>to which objection is made</u>.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." <u>Moon v. BWX Technologies</u>, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), <u>aff'd</u>, 498 F. App'x

268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.")

Nevertheless, as the court clarified in Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023), "objections need not be novel to be sufficiently specific."

> In Martin v. Duffy, 858 F.3d 239, 245–46 (4th Cir. 2017), this Court exemplified the specificity analysis by looking solely to whether the grounds for objection were clear. There, an objection which merely "restated all of [the] claims" was sufficiently specific because it "alerted the district court that [the litigant] believed the magistrate judge erred in recommending dismissal of those claims." Id. at 246. If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

If a litigant could not restate his argument to the district judge, in addition to "needlessly curtailing litigants' access to an Article III judge, such a requirement could leave litigants with no available arguments, as district court judges are not required to consider new arguments posed in objections to the magistrate [judge]'s recommendation." Id. at n.4.

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. Carr v. Comm'r of Soc. Sec., No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) and Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)). Under those circumstances, a court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

b.    **Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In evaluating a motion to dismiss under Rule 12(b)(6), a court must consider all well-pleaded allegations in a complaint as true and construe them in the light most favorable to the plaintiff. Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017).

When a complaint is filed by a pro se litigant, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

"If a pro se complaint contains a potentially cognizable claim, the plaintiff should be afforded an opportunity to particularize his allegations." Pulley v. Zoley, No. 1:23CV846 (RDA/JFA), 2024 WL 4844789, at *3 (E.D. Va. Nov. 20, 2024)(summarizing Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)). Yet, where the district court finds that a civil action

fails to state a claim, and where a plaintiff has been offered an opportunity to amend their complaint, "the district court has the discretion to afford the plaintiff another opportunity to amend, or it can dismiss the complaint with prejudice." Pulley, 2024 WL 4844789, at *3 n.4 (quoting United States ex rel. Angel v. Scott, 697 F. Supp.3d 483, 494-95 (E.D. Va. 2023)).

## 2. Analysis

Plaintiff's amended complaint presents four counts against movant Rosenberg: violations of the FDCPA, breach of contract, RESPA violations, and TILA violations. The court addresses plaintiff's objections related to each in turn.

### a. Count One: FDCPA

The magistrate judge recommended that the court should dismiss Count One of plaintiff's amended complaint, which is brought under the Fair Debt Collection Practices Act ("FDCPA"). The report and recommendation advised that the claim should be dismissed with prejudice as to defendant Rosenberg because the "amended complaint does not meet the plausibility standard [of Rule 8], and the FDCPA does not apply to Rosenberg." ECF No. 39 at 11-14.

Plaintiff objects to the recommendation on the grounds that the magistrate judge misstates the holding of the Supreme Court in Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466 (2019). ECF No. 40 at 2. Plaintiff argues:

> The Supreme Court in Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466 (2019), held that entities engaged solely in enforcing security interests through nonjudicial foreclosure are not debt collectors for most FDCPA purposes…. However, Obduskey did not grant blanket immunity. Where foreclosure counsel goes beyond ministerial foreclosure activity and directly communicates with a borrower regarding the debt, demands payment, misstates amounts owed, or threatens foreclosure without proper authority, FDCPA liability may still attach. See McLean v. Ray, 488 F. App'x [677] (4th Cir. 2012)(law firm could

11

qualify as a debt collector when its communications sought to collect debt); Lord v. Senex Law, P.C., 2021 WL 3622148, at *4 (W.D. Va. 2021)(finding foreclosure law firm's collection letters could trigger FDCPA coverage). Plaintiff alleged that Rosenberg's communications fell within this category, and thus dismissal with prejudice was improper.

Id.

The court reviews the objection de novo. See infra.

In order to state a claim under the FDCPA, "[a] plaintiff must plead three elements … The first two elements address identity: (1) the plaintiff must be a 'consumer,' and (2) the defendant collecting the debt must be a 'debt collector' as defined by the FDCPA." In re Thomas, 578 B.R. 355, 358 (Bankr. W.D. Va. 2017) (citing Creighton v. Emporia Credit Serv., Inc., 981 F.Supp. 411, 414 (E.D. Va. 1997)). "The third element requires the plaintiff to plead the act or omission by which the defendant has violated the FDCPA." Id.

Plaintiff's objection centers on (2), asserting that Rosenberg is a "debt collector" within the meaning of the FDCPA. ECF No. 40 at 2 ("The R&R wrongly concluded that Rosenberg is not a 'debt collector.'")

A debt collector under the FDCPA is defined as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692(a)(6). This definition includes certain exceptions. <u>See</u> 15 U.S.C. § 1692(a)(6)(A)-(F). In <u>Obduskey</u>, the Supreme Court addressed the question of whether "one principally involved in 'the enforcement of security interests' is <u>not</u> a debt collector (except '[f]or the purpose of section 1692f(6)')." <u>Obduskey</u>, 586 U.S. at 468-469. The Court held that "where the business is engaged in no more than the kind of security-interest enforcement … [of] nonjudicial foreclosure proceedings," the "last sentence" of the § 1692(a)(6) definition "place[s] those whose 'principal purpose … is the enforcement of security interests' outside the scope of the primary 'debt collector' definition." <u>Id.</u> at 469.

To be sure, courts have held that a law firm seeking the repayment of a debt on behalf of a client can be considered a debt collector within the ambit of the FDCPA. <u>See</u> ECF No. 40 at 2. <u>See also</u> R&R, ECF No. 39 at 12, n.3. In her objection, plaintiff argues that her amended complaint "alleged that Rosenberg's communications fell within this category." ECF No. 40 at 2.

Plaintiff's amended complaint contains the following conclusory allegations about Rosenberg as relates to Count One:

- "Rosenberg & Associates is a debt collection law firm with a principal place of business at 4340 East West Highway, Suite 600, Bethesda, MD 20814. Rosenberg & Associates acts as an agent of both SPS and U.S. Bank[.]" Am. Compl. ¶ 8.

- "Rosenberg & Associates are 'debt collectors' as defined by 15 U.S.C. § 1692a(6), engaged in the regular business of collecting debts owed to others." <u>Id.</u> ¶ 27.

- "U.S. Bank and its agent, Rosenberg & Associates violated [15 U.S.C. § 1692d] by threatening to foreclose on the Plaintiff's property without authority to do so." Id. ¶¶ 31-32.

- "Defendants further violated 15 U.S.C. § 1692e(2)(A), (5), and (10) by falsely representing that Plaintiff's mortgage loan was owned by the Bear Stearns Asset Backed Securities Trust 2005-2 a trust which, on information and belief, no longer exists or has no legal authority to own or enforce the loan." Id. ¶ 37.

The amended complaint includes a series of exhibits that reflect communications between the plaintiff and some of the defendants, including the deed of trust (ECF No. 23-1), a monthly mortgage statement from SPS, dated October 2024 (23-2), SPS's repayment plan letter (23-3), plaintiff's "qualified written request" letter to SPS (23-4), SPS's response to that letter (23-5), Spangler's FOIA request regarding the Bear Stearns Asset Backed Securities Trust 2005-2 (23-6), a Virginia Assignment of Deed and Trust relating to the subject property (23-7), and a letter from SPS notifying plaintiff about a pending foreclosure sale on her property (23-8). None of these exhibits reflect any actions or communications on Rosenberg's part.

Plaintiff alleges broadly that Rosenberg is an agent of SPS, and alleges that SPS corresponded with the plaintiff directly about the mortgage and foreclosure. But in the amended complaint—which is the operative pleading at this stage—she does not allege any actions or communications on Rosenberg's part – as an agent of SPS or otherwise.

Importantly, bare legal conclusions are insufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6). Iqbal, 556 U.S. at 678. There is no factual content alleged here that would lead to the plausible inference that Rosenberg went "beyond ministerial foreclosure

activity and directly communicate[d] with a borrower regarding the debt, demand[ed] payment, misstate[d] amounts owed, or threaten[ed] foreclosure without proper authority," as plaintiff argues in her objection. ECF No. 40 at 2.[3]

While courts have held that "attorneys seeking the repayment of a debt on behalf of a client are debt collectors within the ambit of the FDCPA," plaintiff does not sufficiently allege that Rosenberg was acting in that capacity in her case. Lord, 2021 WL 3622148, at *4. Plaintiff therefore does not allege facts to support the legal conclusion that Rosenberg is a debt collector, even as a law firm seeking repayment on behalf of a client as in McLean, 488 F.App'x at 682 and Lord, 2021 WL 3622148, at *4.

Plaintiff raises no objection to the magistrate judge's finding that Count One fails to state a claim as a matter of procedure. The magistrate judge found that plaintiff failed to plead Count One under the Rule 8(a)(2) pleading standard. The court agrees with the magistrate judge's analysis that "the amended complaint does not show how a threatened foreclosure violated the FDCPA, so the amended complaint lacks sufficient allegations on an essential element of her claim." ECF No. 39 at 14. The court finds no clear error with this analysis, **OVERRULES** plaintiff's objection and **DISMISSES** the FDCPA claim against Rosenberg. Because the court has already permitted plaintiff leave to amend this complaint, ECF No. 22, and the amended complaint also fails to state a claim, this claim is dismissed with prejudice.

---

[3] While the amended complaint is the operative pleading at this point of the proceeding, the court notes that plaintiff included communications from Rosenberg as exhibits to her original complaint. See ECF No. 1-1 at 108. But the court already adopted the magistrate judge's recommendation that this notice letter, paired with allegations that Rosenberg is a debt collection law firm and acted as an agent for SPS and U.S. Bank when it issued the notice of a foreclosure sale, was insufficient to state a claim. ECF Nos. 15 at 31-32 (recommendation); 22 (adoption). Because plaintiff did not object to the magistrate judge's Rule 8(a)(2) ruling on this claim, and because the notice letter at ECF No. 1-1 does not alter the court's finding of no clear error in that analysis, that inclusion does not change the court's disposition of this claim.

### b. Count Two: Breach of Contract

The magistrate judge recommended that the court dismiss plaintiff's breach of contract claim with prejudice as to defendant Rosenberg "because there are no factual allegations showing there was a contract between Ms. Spangler and Rosenberg." ECF No. 39 at 14. Plaintiff objects on the basis that the recommendation "overlooks" plaintiff's allegations that Rosenberg acted as an agent and attorney-in-fact for defendants "SPS and U.S. Bank in enforcing the Deed of Trust." ECF No. 40 at 3. Plaintiff includes in her objection a reference to Virginia's law on tortious interference with contract, and argues that to dismiss this claim at this stage is premature.

Again, the court reviews plaintiff's objections de novo. See infra.

To state a claim for breach of contract under Virginia law, the plaintiff must plead: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Sunrise Continuing Care, LLC v. Wright, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009) (quoting Filak v. George, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)). Upon review of the amended complaint, the court observes plaintiff has made no allegations against Rosenberg in her statement of the breach of contract claim. See Am. Compl. ¶¶ 47-62. Though plaintiff alleges that Rosenberg is an agent of SPS and U.S. Bank, see id. ¶ 8, nowhere in the complaint does plaintiff allege that as an agent of SPS and U.S. Bank, Rosenberg had a legally enforceable obligation to plaintiff as related to the note and/or deed of trust at issue.

Plaintiff argues in her objection that Rosenberg may be found liable under the theory that "an agent may be held liable for interfering with another's contractual rights when the

16

agent acts outside the scope of legitimate authority or in bad faith." ECF No. 40 at 3 (citing Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009)(a breach of contract case involving no claims against agents)). Plaintiff does not allege tortious interference with contract in her amended complaint. See, generally Am. Compl. Plaintiff's references in later filings to Virginia's tortious interference with contract law, ECF No. 30 at 8, ECF No. 40 at 3, do not transform this breach of contract claim into a tortious interference with contract claim. See, e.g. Calhoun-El v. Maynard, No. CIV.A. RDB-09-3085, 2010 WL 2342384, at *1 n.3 (D. Md. June 4, 2010), aff'd, 398 F. App'x 914 (4th Cir. 2010)("[Plaintiff] is reminded that he may not introduce new claims in his reply or after filing of a responsive pleading or without leave of court."); Williams v. Harvey, No. CIV A. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006)(finding that a pro se plaintiff, even under the liberal construction rule, "is not permitted to raise new grounds for relief in a reply brief" because "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.")(quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir.1981)).

Thus, the court **OVERRULES** plaintiff's objection and **ADOPTS** the report and recommendation with respect to Count Two against Rosenberg & Associates. The court **DISMISSES** the breach of contract claim against Rosenberg. Because the court has already permitted plaintiff leave to amend this complaint, ECF No. 22, and the amended complaint also fails to state a claim, this claim is dismissed with prejudice.

### c. Count Three: RESPA

The magistrate judge recommends that Rosenberg's motion to dismiss the RESPA claim should be granted as (1) "RESPA does not apply to Rosenberg because it is not a loan

servicer for purposes of RESPA"; and (2) under the law of the case doctrine, "the presiding District Judge adopted the [previous] Report and Recommendation [that also evaluated a similar claim against U.S. Bank]… so the logic that applied to the dismissal of the RESPA claim against U.S. Bank should also apply to Rosenberg." ECF No. 39 at 18-19.

Plaintiff objects to this recommendation, arguing that the magistrate judge's recommendation that (1) Rosenberg could not be held liable because it is not itself a loan servicer is "too narrow" because "Rosenberg interfered with the statutory duties imposed on the loan servicer, frustrating RESPA's core purpose of ensuring fair review of borrower inquiries before foreclosure proceeds." ECF No. 40 at 3. Plaintiff cites to the Eleventh Circuit in <u>Renfroe v. Nationstar Mortg., LLC</u>, 822 F.3d 1241, 1245 (11th Cir. 2016), to say that "RESPA's statutory scheme logically extends to entities that interfere with a servicer's ability to comply with its duties[,]" and that the complaint alleged that Rosenberg had "actively interfered with SPS's duties." <u>Id.</u> at 4. Plaintiff does not respond to the report and recommendation's law of the case recommendation. ECF No. 40 at 3.

Again, the court reviews plaintiff's objections <u>de</u> <u>novo</u>. <u>See infra.</u>

Plaintiff alleges that "Rosenberg's failure to halt foreclosure activity or validate the debt while a QWR was pending violated RESPA's dual tracking and error resolution provisions under 12 U.S.C. § 2605(e), and implementing regulations at 12 C.F.R. § 1024.35 and § 1024.41." Am. Compl. ¶ 69. To survive a motion to dismiss, a plaintiff alleging violations of 12 U.S.C. § 2605(e) "must allege facts to support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid Qualified Written Request, as statutorily defined, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is

entitled to damages." <u>LaGrant v. U.S. Bank Nat. Ass'n</u>, No. 3:14-CV-809-HEH, 2015 WL

1208967, at *7 (E.D. Va. Mar. 16, 2015).[4]

12 U.S.C. § 2605(e), 12 C.F.R. § 1024.35 and § 1024.41 exclusively relate to RESPA's

requirements for servicers and a borrower's options to enforce them. 12 U.S.C. § 2605(e)("the

servicer shall provide…); 12 C.F.R. § 1024.35 ("A servicer shall comply…); 12 C.F.R. §

1024.41 ("A borrower may enforce provisions of this section [against servicers]"). Under 12

C.F.R. § 1024.2, a "servicer" under RESPA "means a person responsible for the servicing of

a federally related mortgage loan (including the person who makes or holds such loan if such

person also services the loan)." The statute also defines "servicing":

> Servicing means <u>receiving any scheduled periodic payments</u> from a borrower
> pursuant to the terms of any federally related mortgage loan, including amounts
> for escrow accounts under section 10 of RESPA (12 U.S.C. 2609), <u>and making
> the payments to the owner of the loan or other third parties</u> of principal and
> interest and such other payments with respect to the amounts received from the
> borrower as may be required pursuant to the terms of the mortgage servicing
> loan documents or servicing contract. In the case of a home equity conversion
> mortgage or reverse mortgage as referenced in this section, servicing includes
> making payments to the borrower.

12 C.F.R. § 1024.2 (emphasis added).

Thus, a servicer under RESPA receives payments from a borrower and makes

payments to the owner of the loan or other third parties pursuant to the terms of a mortgage.

Nowhere in the amended complaint does plaintiff allege that Rosenberg was making or

---

[4] Here, plaintiff did not object to the report and recommendation's law of the case recommendation. "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" <u>Graves v. Lioi</u>, 930 F.3d 307, 318 (4th Cir. 2019)(quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)). Earlier in this case, this court evaluated and adopted the magistrate judge's R&R on the original complaint, which included an evaluation of plaintiff's RESPA claims against U.S. Bank. ECF Nos. 15 (R&R); 22 (adopting R&R in its entirety). Applying that definition to Rosenberg reaches a similar result.

receiving any such payments. See, generally, Am. Compl. As such, plaintiff does not state an actionable RESPA claim against Rosenberg.

Plaintiff asserts in her objection that this reading is "too narrow" and argues that "courts have recognized that RESPA's statutory scheme logically extends to entities that interfere with a servicer's ability to comply with its duties." ECF No. 40 at 3-4. In support, she cites to an Eleventh Circuit case that did not expand its reading RESPA to include non-servicers. See ECF No. 40 at 4 (citing Renfroe, 822 F.3d 1241). The court finds no further support for this contention. See, cf. Dekom v. Fannie Mae, 846 F. App'x 14 (2d Cir. 2021)(RESPA requirement for loan servicers to reply to QWRs did not apply to law firms or their attorneys who were not mortgage loan servicers.); Jones v. Planet Home Lending, LLC, No. 119CV01003ELRLTW, 2020 WL 7395151, at *9 (N.D. Ga. Feb. 3, 2020), report and recommendation adopted, No. 1:19-CV-01003-ELR, 2020 WL 7391736 (N.D. Ga. Feb. 24, 2020)(dismissing with prejudice a RESPA claim against foreclosure counsel because "no amount of amending will change the fact that [counsel] is not responsible for [the servicer's] handling of … alleged modification requests[.]")

The court **OVERRULES** plaintiff's objection and **ADOPTS** the report and recommendation with respect to Count Three against Rosenberg & Associates. The court therefore **DISMISSES** the RESPA claim against Rosenberg. Because the court has already permitted plaintiff leave to amend this complaint, ECF No. 22, and the amended complaint also fails to state a claim, this claim is dismissed with prejudice.

### d. Count Four: TILA

The magistrate judge recommends that Rosenberg's motion to dismiss the RESPA claim should be granted because the amended complaint does not allege that Rosenberg is a "creditor" within the meaning of the Truth in Lending Act. ECF No. 39 at 19-21.

Plaintiff's objects to this recommendation on the grounds that the R&R reads TILA's definition of "creditor" too narrowly. Plaintiff argues that "[b]y initiating foreclosure without a clear and legally valid chain of title, Rosenberg actively participated in and facilitated the misrepresentation of the true creditor's identity, thereby denying Plaintiff the protections guaranteed by TILA and Regulation Z[,]" raising "a factual question as to whether its actions facilitated a TILA violation." ECF No. 40 at 5-6.

Again, the court reviews plaintiff's objections <u>de novo</u>. <u>See infra.</u>

Plaintiff alleges that Rosenberg violated TILA and Regulation Z, and that it is liable under 15 U.S.C. § 1640. ECF No. 23 ¶¶ 72-82. The Truth in Lending Act imposes penalties on "any creditor who fails to comply with any requirement imposed under this part[.]" 15 U.S.C. § 1640. "Regulation Z, 12 C.F.R. § 221, <u>et seq.</u>, is the implementing regulation for TILA." <u>Oliver v. Lib Props., Ltd.</u>, No. 1:10-CV-0539-TWT-JFK, 2010 WL 2867932, at *5 n.6 (N.D. Ga. June 21, 2010), <u>report and recommendation adopted,</u> No. 1:10-CV-539-TWT, 2010 WL 2867925 (N.D. Ga. July 20, 2010).

In assessing a TILA claim, "as a threshold matter, it is necessary to determine whether each defendant is subject to TILA—in other words, whether each defendant is a 'creditor' or an 'assignee' of a creditor, as defined by TILA." <u>Roach v. Option One Mortg. Corp.</u>, 598 F. Supp. 2d 741, 749 (E.D. Va.), <u>aff'd</u>, 332 F. App'x 113 (4th Cir. 2009).

The term "creditor," under TILA, "refers <u>only</u> to a person who both (1) regularly extends … consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement."[5] 15 U.S.C.A. § 1602(g)(emphasis added). Both of those elements must be met for the determination of "creditor" status. Cetto v. LaSalle Bank Nat. Ass'n, 518 F.3d 263, 270 (4th Cir. 2008). Nowhere in the amended complaint does plaintiff allege that Rosenberg & Associates (1) regularly extends consumer credit or (2) would be the person from whom the debt in this transaction would be initially payable.

TILA liability is not restricted only to original creditors – it can also extend to their assignees "in loan transactions involving real property if the assignment is voluntary and the TILA violation at issue 'is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter.'" Roach, 598 F. Supp. 2d at 750 (quoting 15 U.S.C. § 1641(e)(1)). But plaintiff does not allege in her complaint that Rosenberg is an assignee who could be liable under the statute.

Instead, she alleges that Rosenberg "act[ed] as foreclosure counsel," and "as an agent" for SPS. ECF No. 23 ¶¶ 8, 73. While an agent's misrepresentations in TILA disclosures might cause the principal to be liable for that misrepresentation, this does not transform that agent into a creditor or an assignee under TILA. See Roach, 598 F.Supp. 2d at 753 (discussing a principal's liability for an agent's misrepresentations), n.20 (citing cases distinguishing between

---

[5] 15 U.S.C.A. § 1602(g) also includes credit card issuers for certain claims not at issue here.

creditor's liability for broker/agent representations); ECF No. 40 at 5 (citing <u>Roach</u>). "In other words, although a principal can potentially be liable for the acts committed by its agent, an agent is not liable to a third party for legal requirements that are imposed on the principal." <u>Iannuzzi v. Washington Mut. Bank</u>, No. 07-CV-964 JFB (WDW), 2008 WL 3978189, at *8 (E.D.N.Y. Aug. 21, 2008).

As plaintiff does not plead facts supporting a reasonable inference that Rosenberg is either a (1) creditor or (2) assignee, she fails to state a TILA claim. The court **OVERRULES** plaintiff's objection and **ADOPTS** the report and recommendation with respect to Count Four against Rosenberg & Associates. The court therefore **DISMISSES** the TILA claim against Rosenberg. Because the court has already permitted plaintiff leave to amend this complaint, ECF No. 22, and the amended complaint also fails to state a claim, this claim is dismissed with prejudice.

### B. Plaintiff's Motion for Voluntary Dismissal Without Prejudice

Separately, Plaintiff has moved to voluntarily dismiss the instant action under Federal Rule of Civil Procedure 41(a)(2). ECF No. 42. In the motion, she asserts that she "no longer wishes to pursue this action in this Court," that "no final judgment has been entered," and that "[d]ismissal will not prejudice Defendants, and no party will suffer legal harm as a result of dismissal without prejudice." <u>Id.</u> at 1. Defendants SPS and U.S. Bank oppose this motion, asking that the motion be denied and that the case be dismissed with prejudice or dismissed subject to terms the court considers proper "to mitigate … the substantial harm Defendants will certainly face from Plaintiff's continuing vexatious and dilatory tactics." ECF No. 44 at 1.

For the reasons explained below, the court **DENIES** plaintiff's motion to voluntarily dismiss.

Dismissal by order under Federal Rule of Civil Procedure 41(a)(2) is done at the discretion of the court, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2) motions shall be granted unless there is plain legal prejudice to the defendant." Sullivan v. McGill & Hassan, PA, Case No. 1:19-cv-857 (AJT/IDD), 2019 WL 8918903, at *4 (quoting Bridge Oil, Ltd. v. Green Pac. A/S, 321 Fed. Appx. 244, 245 (4th Cir. 2008); see also McCants v. Ford Motor Co., 781 F.2d 855, 856-857 (11th Cir. 1986). Because "[i]n considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant," the court may impose conditions on the dismissal to ensure that the defendant will not be prejudiced by the dismissal. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

In evaluating whether dismissal would prejudice a defendant, the Fourth Circuit looks to four non-exclusive factors before dismissing a case under Rule 41(a): "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Gross v. Spies, 133 F.3d 914 (4th Cir. 1998). The court's analysis is not limited to those factors. Its analysis may also include "other considerations—among them, preventing plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action." GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007). "[I]t is settled that a plaintiff may not obtain a non-prejudicial voluntary dismissal simply to circumvent adverse

rulings." Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 992 (E.D. Va. 1998)(citing Paturzo v. Home Life Ins. Co., 503 F.2d 333, 336 (4th Cir. 1974)).

Here, several of these factors weigh heavily in favor of denying the motion to dismiss. The first factor weighs against dismissal. The parties have filed significant pleadings throughout this case, including two motions to dismiss, and a lengthy motion for judgment on the pleadings. Notably, plaintiff filed this motion for voluntary dismissal after the parties filed their briefing in response the magistrate judge's second report and recommendation, which recommended dismissal of all claims against defendant Rosenberg and denial of plaintiff's motion for injunctive relief on the basis that there appeared to be "no likelihood of success on the merits." ECF No. 39 at 23. The third factor also weighs heavily against dismissal—plaintiff only explains that she is seeking dismissal because she "no longer wishes to pursue this action in this Court." ECF No. 42 at 1. She shortly thereafter filed similar claims in state court, and those claims are now before this court again. The second and fourth factors—diligence and the present stage of the litigation—do not weigh as strongly toward a finding of prejudice, but they certainly do not outweigh the obvious dilatory effect of plaintiff's litigation strategy of dismissal and refiling.

The court notes that this is not even the latest in a series of lawsuits that plaintiff has brought in this court, state court, or bankruptcy court involving this property, the loan, the deed of trust, and the same parties (or their predecessors). Those cases and their resolution are accurately set forth in the chart provided by defendants SPS and U.S. Bank in their motion in opposition, ECF No. 44 at 4-10. Since that filing, plaintiff has filed yet another case involving the same subject matter, and the court has consolidated that case with this one. ECF

No. 51. See Tucker v. City of Roanoke, Va. et al., No. 7:24-CV-00733, 2025 WL 1921788, at *8 (W.D. Va. July 11, 2025)(finding prejudice where a plaintiff "continues to file lawsuits, often against the same parties, and concerning the same subject-matter. Then, after the defendants have put forth substantial effort in filing dispositive motions….she asks to voluntarily dismiss, essentially using Rule 41(a) to avoid a potentially adverse decision.") Finding that a dismissal of this action without prejudice could allow plaintiff's merry-go-round of near-identical claims raised before this court, state court, and bankruptcy court to continue, the court finds it appropriate to **DENY** plaintiff's motion to voluntarily dismiss.

Defendants ask that this court dismiss this action with prejudice. Rule 41(a)(2) dismissals are without prejudice, unless the court otherwise specifies in its order. Fed. R. Civ. P. 41(a)(2). "The court's authority to dismiss with prejudice is implied in the language of the rule." Stretchline Intell. Props. Ltd. v. H&M Hennes & Mauritz LP, No. 2:10-CV-371, 2015 WL 789185, at *3 (E.D. Va. Feb. 24, 2015)(citing Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993)). While dismissal with prejudice is "a harsh sanction which should not be invoked lightly," it may be appropriate based on "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(citing Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974)).

Given the factors addressed infra, the court is inclined to dismiss this action with prejudice. However, if the court intends to dismiss a Rule 41(a)(2) motion with prejudice, the

Fourth Circuit requires that the court "first provid[e] the plaintiff with the minimum requirements of fundamental fairness, to wit: (1) advance notice of its inclination toward such dismissal, (2) the opportunity to respond to defense counsel's request for that result; and (3) the option of allowing its case to proceed to judgment on the merits." Stretchline Intell. Props., 2015 WL 789185, at *3 (citing Grades v. Gregory, 37 F.3d 1494, 1493 (4th Cir. 1994); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986)).

In this case, Plaintiff has both responded to defense counsel's request for dismissal with prejudice, ECF No. 45, and has already filed a second complaint that is now before this court, indicating claims that she would like to be judged on the merits. But plaintiff has not been notified of the court's inclination toward dismissal with prejudice. Thus, Rule 41(a)(2) dismissal with prejudice is inappropriate at this stage of the proceedings.

Plaintiff's motion to voluntarily dismiss is **DENIED.**

### C. Motion for Judgment on the Pleadings

Defendants have also moved for judgment on the pleadings. ECF No. 43.

Notably, because the court has dismissed the claims that plaintiff brings against Rosenberg, see infra, the remaining claims in the amended complaint, ECF No. 23, are Count One: FDCPA claims against U.S. Bank and SPS and Count Two: Breach of Contract against U.S. Bank and SPS. See Am. Compl. ¶¶ 30-62. Pending before this court is a motion for judgment on the pleadings with respect to the amended complaint in case number 7:24-cv-835. ECF No. 43. In the consolidated case, 7:25-cv-857, Plaintiff again raises RESPA and breach of contract claims against U.S. Bank, SPS, and Rosenberg, seeking injunctive relief.

7:25-cv-857 ECF No. 1-1. Given the previous rulings in this case, the court finds the

consolidated case ripe for adjudication on the merits.

For the reasons explained below, the motion for judgment on the pleadings is

**GRANTED**. The remaining motions in this case have largely already been ruled upon in this

case. Under the law of the case, Plaintiff fails to state an actionable claim. The consolidated

cases are **DISMISSED**, with prejudice.

### 1. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment

on the pleadings "[a]fter the pleadings are closed." "A motion for judgment on

the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Federal Rule of

Civil Procedure 12(b)(6) motion to dismiss." Mendenhall v. Hanesbrands, Inc., 856 F. Supp.

2d 717, 723 (M.D.N.C. 2012) (citing Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278

F.3d 401, 405–06 (4th Cir. 2002)).

Therefore, a motion for judgment on the pleadings "should only be granted if, after

accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all

reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that

the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Drager

v. PLIVA USA. Inc., 741 F.3d 470, 474 (4th Cir. 2014) (quoting Edwards v. City of

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). See Booker v. Peterson Cos., 412 Fed. App'x.

615, 616 (4th Cir. 2011) ("In order to survive a motion for judgment on the pleadings, the

complaint must contain sufficient facts 'to raise a right to relief above the speculative level'

and 'state a claim to relief that is plausible on its face.'" (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

But, motions to dismiss and motions for judgment on the pleadings are not identical: "'[u]nlike on a Rule 12(b)(6) motion . . . on a Rule 12(c) motion the [C]ourt may consider the Answer as well.'" <u>Mendenhall</u>, 856 F. Supp. 2d at 724 (brackets and ellipsis in original) (quoting <u>Alexander v. City of Greensboro</u>, No. 1:09-CV-293, 2011 WL 3360644, at *2 (M.D.N.C. Aug. 3, 2011)). "The 'factual allegations in the [A]nswer are taken as true to the extent they have not been denied or do not conflict with the [C]omplaint.'" <u>Id.</u> (brackets in original) (quoting <u>Farmer v. Wilson Hous. Auth.</u>, 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004)). Moreover, "[i]n 'determining a motion for judgment on the pleadings, the [C]ourt may consider documents incorporated by reference into the pleadings.'" <u>Id.</u> (second brackets in original) (quoting <u>Farmer</u>, 393 F. Supp. 2d at 386). However, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." <u>A.S. Abell Co. v. Baltimore Typographical Union No. 12</u>, 338 F.2d 190, 193 (4th Cir. 1964) (quoting Fed. R. Civ. P. 12(c)). The decision to exclude matters outside the pleadings is "discretionary with the court." <u>Id.</u>

### 2. Analysis

#### a. 7:24-cv-835 Count One: FDCPA

Plaintiff's amended complaint alleges multiple violations of FDCPA against U.S. Bank and SPS. Namely, she alleges that:

- [1] "U.S. Bank … violated [15 U.S.C. § 1692d] by threatening to foreclose on the Plaintiff's property without authority to do so," ECF No. 23 ¶ 31;

- [2] SPS sent an October 1, 2024 mortgage statement and an October 18, 2024 loss mitigation repayment plan and those "communications contained misleading or confusing figures, lacked accounting transparency, and presented unaffordable terms as Plaintiff's only option, thereby violating § 1692e," Id. ¶¶ 34-36;

- [3] "Defendants further violated 15 U.S.C. § 1692e(2)(a), (5), and (10) by falsely representing that Plaintiff's mortgage loan was owned by the Bear Stearns Asset Backed Securities Trust 2005-2 a trust which, on information and belief, no longer exists or has no legal authority to own or enforce the loan," and generally have been retaining Plaintiff's payments "rather than remitting them to any lawful creditor," Id. ¶¶ 37-40; and that

- [4] SPS allegedly failed to "send written notice stating the amount of the debt, the name of the creditor, and a statement of the consumer's right to dispute the debt" as is required under 15 U.S.C. § 1692g. Id. ¶¶ 41-43.

Nowhere does this allege an action on the part of U.S. Bank in violation of FDCPA. Nor does the amended complaint allege that U.S. Bank is a "debt collector" within the meaning of FDCPA. See infra. Plaintiff states no claim against U.S. Bank in Count One of the Amended Complaint.

As for SPS, the law of the case doctrine forecloses plaintiff's claims that [1] SPS "lacked authority" to close on the loan, including [3] claims that the mortgage was not actually owned by the Bear Stearns Asset-Backed Securities Trust 2005-2. "'[W]hen a court decides upon a

rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" <u>Graves v. Lioi</u>, 930 F.3d 307, 318 (4th Cir. 2019)(quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)). This court evaluated and adopted the magistrate judge's first R&R on the original complaint, which included an evaluation of plaintiff's RESPA claims. ECF Nos. 15 (first R&R); 22 (adopting first R&R in its entirety).

In relevant part, the magistrate judge reasoned:

> Construing her Complaint liberally, Mrs. Spangler alleges a cause of action sounding in fraud based on her allegation that U.S. Bank, the note holder, does not exist. Compl. ¶ 35. […]

> Mrs. Spangler filed a Freedom of Information Act ("FOIA") request with the SEC seeking "[r]ecords pertaining to the cessation of operations of the Bear Stearns Asset Back Securities Trust 2005-2" and records indicating that "no new loans can be added to this trust after the closing date." Compl., Ex. G at 1. In response, she received Form 15—"CERTIFICATION AND NOTICE OF TERMINATION OF REGISTRATION UNDER SECTION 12(G) OF THE SECURITIES EXCHANGE ACT OF 1934 OR SUSPENSION OF DUTY TO FILE REPORTS UNDER SECTIONS 13 AND 15(D) OF THE SECURITIES EXCHANGE ACT OF 1934." <u>Id.</u> at 4. It is dated January 27, 2006. <u>Id.</u> Mrs. Spangler claims that this "indicates the Bear Stearns Asset Back Securities Trust 2005-2 ceased operations" on that date. Compl. ¶ 31. Thus, she argues that the assignment of the Deed of Trust from Irwin to U.S. Bank on June 27, 2014, the first appointment of Professional Foreclosure Corporation of Virginia as substitute trustee on April 10, 2015, and the second appointment of Commonwealth Trustees as substitute trustee on August 12, 2022, are invalid. Compl. ¶¶ 26–28.

> […]

> Contrary to Ms. Spangler's allegation, Form 15 is not evidence that U.S. Bank dissolved or became defunct. It simply terminated its reporting obligations to the SEC. "Whether the trust is registered with the SEC has nothing to do with its legal existence, and de-registering the trust doesn't terminate its existence." <u>Ray v. Deutsche Bank Nat'l Tr. Co.</u>, No. 2:17-cv-02384, 2020 WL 5230721, at *1 (D. Nev. Sept. 1, 2020) (explaining why <u>pro se</u> plaintiff's allegation that Form 15 terminated a trust's existence is mistaken); <u>see also</u> <u>Smith v. Bank of Am., NA</u>, No. 4:12-CV-724, 2013 WL 4627689, at *10 (E.D. Tex. Aug. 28, 2013) (same), <u>report and recommendation adopted.</u>

> While Mrs. Spangler's allegation would ordinarily be entitled to the presumption of truth, the court is not required to accept as true "unwarranted deductions of fact," "unreasonable inferences," or "allegations that contradict

matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Mrs. Spangler's allegation that U.S. Bank is nonexistent is an unwarranted and unreasonable inference from the SEC form. Therefore, to the extent that Mrs. Spangler attempts to assert a fraud claim against any defendant based on U.S. Bank's alleged nonexistence, that claim must fail. I recommend the presiding District Judge dismiss this claim with prejudice because no set of facts can cure its inherent deficiency. See King v. Rubenstein, 825 F.3d 206, 225 (4th Cir. 2016).

ECF No. 15 at 28-30.

This holding forecloses plaintiff's [1] 15 U.S.C. § 1692d harassment claim against U.S. Bank, which hinges on the idea that U.S. Bank "lacked authority" to foreclose on plaintiff's property. For the same reasons, it forecloses plaintiff's [3] 15 U.S.C. § 1692e(2)(a), (5), and (10) claims.

The law of the case also forecloses [2] plaintiff's claims that the October 1, 2024 mortgage statement and October 18, 2024 loss mitigation payment plan violated 15 U.S.C. § 1692e for being false or misleading, or that [4] SPS failed to provide requisite notice in the October 1, 2024 letter under 15 U.S.C. § 1692g.

First, the letter from "on or about October 1, 2024" that plaintiff describes in her Amended Complaint at ¶ 34 and Exhibit B is the same "October 15, 2024 mortgage statement" that was attached to the original Complaint as Exhibit B. It is the same letter that the magistrate judge analyzed in her first Report and Recommendation. ECF No. 15 at 13-14. A viable claim under 15 U.S.C. §§ 1692d, 1692e, or 1692g requires a holding that the defendant was acting "in connection with the collection of a debt," and the magistrate judge reasoned that this letter "is not an attempt to collect a debt" and is thus not a "debt collection activity" that would place it within the ambit of 15 U.S.C. §§ 1692d, 1692e, or 1692g. ECF No. 15 at 13-18 (citing Lovegrove v. Ocwen Home Loans Servicing, L.L.C., 666 Fed. App'x 308, 311

(4th Cir. 2016). <u>See also</u> ECF No. 22 (adopting R&R in its entirety). The court has already adopted this holding. Plaintiff's claims with respect to the Exhibit B letter fail.

As to the October 18, 2024 loss mitigation letter, plaintiff argues that this letter "contained misleading and confusing figures, lacked accounting transparency, and presented unaffordable terms as Plaintiff's only option, thereby violating § 1692(e)." Am. Compl. ¶ 36. Plaintiff alleges no further facts in the amended complaint to support a finding that the loss mitigation letter that allegedly "presented unaffordable terms as Plaintiff's only option" amounts to a "false or misleading misrepresentation" actionable under any of the subsections of § 1692e.[6] Without more, this claim fails to raise above a "speculative level." <u>Booker</u>, 412 Fed. App'x. at 616.

Thus, the court **DISMISSES** plaintiff's FDCPA claims. Because the court has previously given leave to amend these pleadings, this dismissal is with prejudice.

### b. 7:24-cv-835 Count Two: Breach of Contract

As for breach of contract, plaintiff alleges that SPS and U.S. Bank failed to perform their contractual obligations under the Deed of Trust in "several ways," i.e., allegedly demanding an inflated loan balance, failing to apply payments properly and not providing "accurate, timely statements reflecting the loan balance, as shown in the October 2024 mortgage statement," failing to credit plaintiff for payments made, proposing an "unworkable"

---

[6] Defendants point out that there are no specific requirements as to the terms of loss mitigation offers under the FDCPA. ECF No. 43-1 at 22 (citing <u>Michaels v. Flagstar Bank, FSB</u>, No. 18-CV-076-SWS, 2019 WL 13323112, at *3 (D. Wyo. Mar. 4, 2019)(reasoning that RESPA and Section 1024.42 regulate loss mitigation procedures, not FDCPA, and "Section 1024.41 does not require that a servicer 'provide any borrower with any specific loss mitigation option.'")

repayment plan that is "likely to result in default" and "acting without proper legal authority."
ECF No. 23 ¶¶ 47-61.

This breach of contract claim fails as a matter of law, again because of the law of the
case. This court has already adopted the magistrate judge's reasoning in the first Report &
Recommendation that SPS was not a party to a contract with the plaintiff. ECF No. 15 at 25
"SPS was not an original party to either contract…Additionally, [plaintiff] has not alleged any
facts to suggest that Irwin or U.S. Bank validly assigned some of its contractual obligations to
SPS"); ECF No. 22 at 1 (adopting first R&R). "A plaintiff cannot bring a breach of contract
claim when there is no contract between plaintiff and defendant." ECF No. 39 at 23 (citing
Cominelli v. Rector & Visitors of Univ. of Va., 589 F.Supp. 2d 706, 719 (W.D. Va. 2008)).

As for U.S. Bank, the court adopts the magistrate judge's reasoning in the
second R&R:

> As for U.S. Bank, the amended complaint suggested that U.S. Bank
> breached the DOT and Note by (1) inflating the loan balance from $211,000.00
> to $444,730.52; (2) failing to apply payments to the loan balance; (3) demanding
> twelve payments of $6,468.30 followed by a balloon payment of $140,356.60;
> and (4) acting to enforce the DOT and Note without proper legal authority.
> (Am. Compl. at 13-14.)
>
> In response, U.S. Bank pointed to paragraph twenty-one of the DOT
> which provides for the acceleration of payments after a breach by Ms. Spangler
> and notice. (SPS & U.S. Bank's Opp'n to Prelim. Inj. at 18; Am. Compl., Ex. A,
> at 11, ¶ 21.) As for Ms. Spangler's argument that U.S. Bank lacked authority to
> enforce the foreclosure provision of the DOT and Note, Ms. Spangler attached
> the DOT that states: "The Note or a partial interest in the Note (together with
> this Security Interest) may be sold one or more times without prior notice to
> Borrower." (Am. Compl., Ex. A, at 11, ¶ 19.) Ms. Spangler also attached the
> valid assignment to her amended complaint that shows that Irwin transferred
> the DOT to U.S. Bank on June 27, 2014. (Am. Compl., Ex. G, at 2.)
>
> Here, I find the representations made and documents attached to the
> amended complaint by Ms. Spangler confirm that U.S. Bank complied with the
> DOT and Note. Rather than showing that U.S. Bank breached the contract, the
> record suggests that Ms. Spangler breached the DOT and Note by not

submitting timely payments. In fact, Ms. Spangler was candid in acknowledging that she stopped making mortgage payments in September 2020. (Am. Compl. at 6.)

ECF No. 39 at 23-24.

While plaintiff filed an unspecified objection to this reasoning (i.e., that "[t]he R&R failed to fully account for disputed issues of standing, inflated loan balances, and defective assignments that cloud title,") the court finds this generalized objection too vague to merit de novo review.[7] Diprospero, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014)(generalized objections to an R&R do not merit de novo review). Finding no clear error with the magistrate judge's analysis on this issue, the court adopts this reasoning.

Thus, the amended complaint, as pled, does not sufficiently allege facts to support a reasonable inference U.S. Bank breached its contract with the plaintiff. Count Two of the amended complaint is therefore **DISMISSED**. And, as explained infra, because the court has already permitted plaintiff leave to amend this complaint, ECF No. 22, and the amended complaint also fails to state a claim, this claim is dismissed with prejudice.

### c.  7:25-cv-857 Count One: RESPA

Plaintiff alleges that U.S. Bank, SPS, and Rosenberg violated RESPA by scheduling and proceeding with a foreclosure sale after issuing a denial of plaintiff's loss-mitigation

---

[7] Plaintiff's objection to this reasoning also includes yet another reference to plaintiff's oft-repeated argument that "the Bear Stearns [T]rust was terminated years ago and that any assignment into it was void ab initio." ECF No. 40 at 7. The court has already ruled on this issue. ECF No. 22 (adopting ECF No. 15 in its entirety). Because the objection requirement in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations[,]" Midgette, 478 F.3d at 621, and this issue is no longer in dispute, this objection also does not alter the court's clear error review.

application. ECF No. 1-1 ¶¶ 17-24. Plaintiff alleges that the denial she received from SPS on

October 31, 2025 "failed to:

> a. state the specific reason or reasons for the denial for each loss-mitigation option available;
> b. Inform Plaintiff of her right to appeal the denial;
> c. Describe the requirements for an appeal or the 30-day deadline to do so; and
> d. Provide any information about how to cure any perceived deficiencies in her application.

Id. ¶ 12. The letter itself explained that "the account is ineligible for one or more resolution

options you selected on the RMA." Id. ¶ 11. This allegedly non-compliant denial of Plaintiff's

loss mitigation application, paired with the fact that Rosenberg scheduled a foreclosure sale

for December 4, 2025, was allegedly a direct violation of 12 C.F.R. § 1024.41(g). Id. ¶ 14.

This court has already dismissed Plaintiff's RESPA claims against Rosenberg, on the

grounds that Rosenberg is not a loan servicer. See infra. This court has also already ruled that

U.S. Bank is not a loan servicer, and Plaintiff has not alleged facts that would change this

analysis. ECF No. 15 at 19 (first R&R reasoning that "U.S. Bank is not a loan servicer … Thus,

a RESPA claim is not actionable against it); ECF No. 22 (order adopting first R&R in its

entirety); ECF No. 23 (amended complaint).

Thus, the only loan servicer who could be actionable under RESPA is SPS. But that

claim, too, claim has already been resolved before this court. To be sure, 12 C.F.R. § 1024.41(g)

prohibits a foreclosure sale when a borrower has submitted a complete loss mitigation

application (with exceptions). But these requirements do not apply to "duplicative requests,"

that is, "a servicer must comply with the requirements of this section for a borrower's loss

mitigation application, unless the servicer has previously complied with the requirements of

this section for a complete loss mitigation application submitted by the borrower and the

borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. § 1024.41(i).

The law of the case forecloses plaintiff's new 12 C.F.R. § 1024.41(g) claim based on the October 2025 letters. This court has already found claims like this to lack merit, because "before [even] the October 7, 2024, application, the Spanglers had already availed themselves to loss mitigation on at least two different occasions. On May 31, 2023, they submitted an Assistance Review Application, to which SPS did not offer a home retention solution. On or about September 2023, the Spanglers requested loss mitigation assistance through a Deed in Lieu of Foreclosure, which SPS was unable to offer. The Spanglers have been in default on their mortgage since September 1, 2020. … Therefore, SPS was not prohibited from dual tracking pursuant to 12 C.F.R. § 1024.41(i)." ECF No. 15 at 20 (R&R); ECF No. 22 (adoption). Plaintiff's October 2025 application is subject to the same analysis.

Under the law of the case, Plaintiff fails to state a claim. Count One is **DISMISSED** with prejudice.

### d. 7:25-cv-857 Count Two: Breach of Contract

In her complaint before the state court, plaintiff alleges that U.S. Bank, SPS, and Rosenberg have breached the promises made in the Deed of Trust. 7:25-cv-857 ECF No. 1-1 ¶¶ 25-31. This claim is directly related to the RESPA claim, as plaintiff alleges that "[b]y violating the mandatory loss mitigation requirements of 12 C.F.R. § 1024.41, Defendants have failed to comply with conditions precedent to foreclosure that are incorporated into the Deed of Trust" and "[p]roceeding with a foreclosure sale in violation of these conditions precedent constitutes a breach of the Deed of Trust." Id. ¶¶ 29-30.

The court has already adopted the magistrate judge's recommendation to dismiss the plaintiff's breach of contract claims against Rosenberg, and dismissed this claim with prejudice, on the grounds that there is no contract with Rosenberg to enforce. See infra.

Moreover this alleged violation on the part of all parties stems from their alleged violation of RESPA. Having found, as a matter of law, that plaintiff fails to state a RESPA claim, see infra, this breach of contract claim also lacks merit, and is **DISMISSED** with prejudice.

### e. 7:25-cv-857 Injunctive Relief

Based on 7:25-cv-857 Counts One and Two, plaintiff seeks injunctive relief in the form of a temporary restraining order and a preliminary injunction preventing the foreclosure sale. 7:25-cv-857 ECF No. 1-1 ¶¶ 32-38. As there is no likelihood of success on the merits, see infra, the court denies plaintiff's request for injunctive relief. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits," among other things.); Viktus v. Blinken, 79 F.4th 352, 361 (4th Cir. 2023)("a district court is entitled to deny preliminary injunctive relief on the failure of any single Winter factor, without fully evaluating the remaining factors.")

### III. Conclusion

For the reasons stated herein, the magistrate judge's report and recommendation, ECF No. 39, is **ADOPTED** with respect to defendant Rosenberg & Associates' motion to dismiss for failure to state a claim, ECF No. 25. Defendant Rosenberg & Associates' motion to dismiss, ECF No. 25 is **GRANTED**, with prejudice.

Plaintiff Lisa D. Spangler's motion to voluntarily dismiss without prejudice, ECF No. 42 is **DENIED**, and defendants Select Portfolio Servicing, Inc and U.S. Bank Trust Company, National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities Trust 2005-2, Asset-Backed Certificates, Series 2005-2's motion for judgment on the pleadings, ECF No. 43, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Amended Complaint in this case and the complaint filed in the consolidated action 7:25-cv-857 are **DISMISSED** with prejudice, and that these consolidated actions are now **CLOSED**.

Entered: March 12, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.12
16:00:08 -04'00'

Michael F. Urbanski
Senior United States District Judge